UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-cr-00005-RLY-DKL-3 |
| | ) | |
| RAUL GALLEGOS-HUERTA, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Richard L. Young, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on February 15, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on February 28, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 28, 2013, defendant Raul Gallegos-Huerta appeared in person with his appointed counsel, William H. Dazey, Jr.  The government appeared by Michelle Brady, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Michael D. Burress, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Gallegos-Huerta of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Gallegos-Huerta questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Gallegos-Huerta and his counsel, who informed the court they had reviewed the Petition and that Mr. Gallegos-Huerta understood the violations alleged. Mr. Gallegos-Huerta waived further reading of the Petition.

3. The court advised Mr. Gallegos-Huerta of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Gallegos-Huerta was advised of the rights he would have at a preliminary hearing. Mr. Gallegos-Huerta stated that he wished to waive his right to a preliminary hearing.

4. Mr. Gallegos-Huerta stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Gallegos-Huerta executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Gallegos-Huerta of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Gallegos-Huerta, by counsel, stipulated that he committed Violation Numbers 1 through 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 4 | **"The defendant shall participate in a substance abuse treatment program which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |

> The offender submitted urine samples on December 19, 2012, which tested positive for cocaine and marijuana; on January 11, 2013, which tested positive for marijuana; and on January 15, 2013, which tested positive for marijuana. The probation officer confronted the offender about each positive test, and he admitted use each time. Furthermore, he failed to provide urine samples as required on January 25, February 16 and 18, June 24, and August 6, 2012.

7. The court placed Mr. Gallegos-Huerta under oath and directly inquired of Mr. Gallegos-Huerta whether he admitted violations 1 through 4 of his supervised release set forth above. Mr. Turner admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Gallegos-Huerta's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of Mr. Gallegos-Huerta's supervised release, therefore, is 4-10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties disagreed on the appropriate disposition of the Petition. The government requested that Mr. Gallegos-Huerta's supervised release be revoked and that he be imprisoned for seven months with no term of supervised release to follow. Mr. Gallegos-Huerta argued that the court should not impose any period of imprisonment.

10. The court heard the testimony of Mr. Gallegos-Huerta, during which he maintained that his violations stem from personal problems, including his divorce, his ex-spouse's refusal to allow him to see his children, and the loss of his job. He maintained that during the ninety days he was at Volunteers of America he did not use drugs. He also said that if he is released, he will "try not to" use drugs.

11. The court heard argument by counsel for the government, who pointed to the defendant's multiple violations throughout the period of his supervised release and maintained that the defendant should suffer some consequence of these violations. She explained that his term of supervised release had been otherwise due to end on February 21, 2013. Counsel for the defendant acknowledged that supervised release was not working and that the court has the option of imposing no further punishment.

12. Having considered the evidence and argument, the court determines as follows: (a) the defendant has violated the terms of his supervised release throughout its entire term, even as it was due to end just weeks after the last violation specified in the Petition; (b) the defendant has demonstrated that despite all the efforts of the USPO, the defendant has not been successful in avoiding conduct that is likely to result in new crimes; (c) permitting the defendant's conduct while on supervised release to result in no consequence would be inappropriate here; (d) the defendant has acknowledged his conduct and the likelihood he will repeat it; and (e) the defendant should spend some period in an institutional setting.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, RAUL GALLEGOS-HUERTA, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of two (2) months, with no supervised release to follow.  The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

The district judge may reconsider *de novo* the findings and recommendations of a magistrate judge as provided by 28 U.S.C. § 636(b)(1)(B) and (C).  Any party desiring review has fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Turner's supervised release and imposing a sentence of imprisonment of two (2) months in the custody of the Attorney General or his designee with no supervised release to follow.

IT IS SO RECOMMENDED.

Date:  03/06/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office

United States Marshal